UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

LILLIAN BROWN,

                Plaintiff,

-against-

CHIEF JUDGE AMON,

                Defendant.
----------------------------------------X



**MEMORANDUM
AND ORDER**
13-CV-06225 (ARR)

ROSS, United States District Judge:

On November 4, 2013, plaintiff, proceeding *pro se*, filed this complaint against the Honorable Carol Bagley Amon, Chief Judge of this Court. Plaintiff alleges that her prior case, *Brown v. Columbia Mutual Life Insurance Co.*, 13-CV-2724 (CBA), was dismissed by Chief Judge Amon. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. The complaint is dismissed for the reasons below.

**I. Standard of Review**

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy, or (2) the claim is based on an

indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

## II. Discussion

Plaintiff's claim against the Chief Judge Amon must be dismissed because judges have absolute immunity from suits for judicial acts performed in their judicial capacities. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 11, 13 (1991). As the alleged wrongdoing of this defendant was an act performed in a judicial capacity, *i.e.*, the dismissal of plaintiff's prior action, plaintiff's claim is foreclosed by absolute judicial immunity and is dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. Conclusion

Accordingly, plaintiff's complaint is dismissed in its entirety. 28 U.S.C. § 1915(e)(2)(B)(iii). The Court has considered allowing plaintiff leave to amend her complaint but declines to do so in light of the futility of amendment. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: November 15, 2013
Brooklyn, New York